■ JEFFREY A. SPENCER et al., Respondents, v MICHAEL P. CRISTO JR. et al., Appellants. (Action No. 1.) JANICE LIBERTY et al., Respondents, v LOUIS DESSO et al., Appellants. (Action No. 2.) [595 NYS2d 598]—

Per Curiam. Appeal from a judgment of the Supreme Court (Lynch, J.), entered January 25, 2010 in Rensselaer County, which declared that defendants Michael P. Cristo Jr., Philip J. Danaher and Louis Desso are precluded from holding the dual offices of Rensselaer County Legislator and Town Council Member.

In November 2007, defendants Michael P. Cristo Jr. and Philip J. Danaher were elected to the East Greenbush Town Council and, in January 2008, sworn into office as Town Council Members. Also in November 2007, defendant Louis Desso was elected to the North Greenbush Town Council and likewise sworn into office as Town Council Member in January 2008. In November 2009, Cristo, Danaher and Desso (hereinafter collectively referred to as the candidates) were all elected to the Rensselaer County Legislature. Plaintiffs thereafter commenced these two declaratory judgment actions seeking a declaration that, pursuant to County Law § 411, the candidates were ineli-

gible to hold both offices at the same time. The parties stipulated that the actions should be consolidated and, since there was no dispute regarding the underlying facts, Supreme Court made a summary disposition.

Supreme Court held that although an avenue existed for the Rensselaer County Legislature to override the dictates of County Law § 411 and allow elected officials in the county to sit on both Town Boards and the County Legislature, it had never properly done so. Finding the action to be timely commenced, the court declared that County Law § 411 precluded such dual representation by the candidates in Rensselaer County. As a result, the court found that Desso's Town Council seat had been vacated, inasmuch as he had already filed his oath of office for the position of County Legislator, and, further, that should Cristo and Danaher file similar oaths of office for their respective County Legislative seats, their Town Council seats would also be deemed vacant. All defendants appeal and we now affirm.

At all relevant times and as relevant to these actions, County Law § 411 generally prohibits "two hat" representation at the local level, providing that no "elective county officer shall be eligible to hold at the same time any other elective county or town office." However, the prohibition is not absolute, and "two hat" representation is permitted so long as proper procedures are followed. For example, a county operating under a charter form of government may, by county charter or charter law, supercede certain state laws, including County Law § 411 (*see* Municipal Home Rule Law § 33 [1], [2]; § 34 [3] [a]-[g]). In addition, pursuant to the enactment of Municipal Home Rule Law § 10 (1) (ii) (a) (13) (b) (*see* L 1969, ch 834 [eff May 22, 1969]), the Legislature provided that a county shall have the power to adopt and amend local laws governing the apportionment of its legislative body and, "*only* in connection with such action taken pursuant to this subparagraph," may provide that members of the legislative bodies of towns may be elected as members of the county legislative body (emphasis added).

Here, in August 1969, the Rensselaer County Board of Supervisors passed Local Law No. 1 (1969) of Rensselaer County, which stated that "[f]or the purposes of elections hereinafter to be held for the office of county legislator, mayors of cities or villages, supervisors of towns, or members of the legislative bodies of cities, towns or villages, who reside in the county, shall be eligible to be elected as members of the county legislative body." As Local Law No. 1 made no mention of the apportionment of its legislative body, the power to supercede

County Law § 411 could not have emanated from Municipal Home Rule Law § 10. While the subsequently adopted charter form of government could have authorized dual representation, it did not specifically provide for such representation and we decline to read such a provision into the charter by implication or otherwise.

Finally, we find the remaining contentions, including the statute of limitations issue, unavailing. Since County Law § 411 was never properly supplanted, that statute was still in effect in Rensselaer County when defendants, as sitting Town Council Members in their respective towns, were elected to the County Legislature.

Cardona, P.J., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.